1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  BHARATKUMAR PATEL,                    )  1:06-cv-00882-OWW-TAG HC
                                        )
10             Petitioner,              )  ORDER GRANTING PETITIONER'S MOTION
                                        )  FOR SCHEDULING ORDER AND FOR
11     v.                              )  EXPEDITED REVIEW (Doc. 3)
                                        )
12  JEFF WRIGLEY, Warden, et al.,       )  ORDER REQUIRING RESPONDENT TO FILE
                                        )  A RESPONSE
13             Respondents.            )
    _____)

14

15          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2241.

17                              **PROCEDURAL HISTORY**

18          On July 11, 2006, petitioner filed a petition for writ of habeas corpus.  (Doc. 1).  Petitioner

19  alleges that, as an inmate at the Taft Correctional Institution, the Bureau of Prisons ("BOP") has

20  refused to assess Petitioner pursuant to 18 U.S.C. § 3621(b), to determine if he is eligible for six

21  months of pre-release placement at a Community Corrections Center ("CCC").  (Doc. 1, p. 1).

22  Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal law,

23  i.e., § 3621(b).  (Id.).  Petitioner seeks an order from this Court that BOP be required to immediately

24  assess Petitioner's eligibility for CCC pursuant to § 3621(b).  (Id.).

25          On August 7, 2006, Petitioner filed a Motion for Scheduling Order and for Expedited

26  Review.  (Doc. 3).  In that Motion, Petitioner alleges that, should the Court adopt his interpretation

27  of § 3621(b),  he would be eligible for release to the CCC as of November 2, 2006.  (Id.. at p. 1).

28

1

1   Petitioner also contends that, because this precise issues was addressed by this Court in <u>Horn v. Ellis</u>,

2   1:06-cv-00006-OWW-TAG, Respondents "need minimal time to refine their previous arguments, if

3   any." (<u>Id.</u> at p. 2). Petitioner also argues that there "are no transcripts or documents relevant to the

4   courts [sic] determination in this matter. This is purely a legal issue. The Petitioner only ask [sic]

5   that the court order BOP to conduct an assessment under 18 U.S.C. § 3621(b)." (<u>Id.</u>).

6   Respondents have filed no opposition to Petitioner's Motion.

7   **DISCUSSION**

8       Writ of habeas corpus relief extends to a person in custody under the authority of the United

9   States. <u>See</u> 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or

10  constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

11  § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

12  bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d

13  1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v.</u>

14  <u>Bureau of Prisons</u>, 937 F.2d 26, 30 n. 5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-

15  894 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-479 (3rd Cir. 1990); <u>United States v.</u>

16  <u>Hutchings</u>, 835 F.2d 185, 186-187 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677

17  (9th Cir. 1980).

18      To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his

19  sentence is being executed in an illegal, but not necessarily unconstitutional, manor. <u>See</u>, <u>e.g.</u>,

20  <u>Clark v. Floyd</u>, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should

21  be credited toward federal custody); <u>Jalili</u>, 925 F.2d at 893-894 (asserting petitioner should be

22  housed at a community treatment center); <u>Barden</u>, 921 F.2d at 479 (arguing Bureau of Prisons erred

23  in determining whether petitioner could receive credit for time spent in state custody); <u>Tubwell</u>,

24  37 F.3d 175 (alleging error in parol revocation); <u>Hutchings</u>, 835 F.2d at185-186 (claiming Board of

25  Parole mistakenly denied petitioner's release); <u>Brown</u>, 610 F.2d at 677 (challenging content of

26  inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas

27  ///

28

2

1    corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's

2    custodian.  Hutchings, 835 F.2d at 187; Brown, 610 F.2d at 677.

3         In this case, Petitioner is alleging that the BOP has failed to properly apply 18 U.S.C.

4    § 3621(b), thereby illegally limiting the amount of time Petitioner may be placed in a CCC facility.

5    Petitioner is thus challenging the execution of his sentence rather than the imposition of that

6    sentence.  Therefore, his Petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is

7    currently incarcerated at the Taft Correctional Institute, and the Taft Correctional Institute is within

8    the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the

9    merits of the Petition.

10        Because Petitioner may be entitled to the requested relief if the claimed violations of rights

11   are proved, and because the Court finds that GOOD CAUSE exists for granting the Motion for

12   Scheduling Order and for Expedited Review, Respondents are ORDERED to file a response within

13   fifteen (15) days of the date of service of this order. See 28 U.S.C. § 2243; cf. Rule 4 of the Rules

14   Governing Section 2254 Cases.  Respondents shall include with the response any and all transcripts

15   or other documents relevant to the determination of the issues presented in the Petition.

16                                          **ORDER**

17        Accordingly, the Court ORDERS that:

18        1. Petitioner's Motion for Scheduling Order and for Expedited Review (Doc. 3), is

19            GRANTED to the extent that the Court will reduce the period of time for Respondent to file

20            his response from forty-five days to fifteen days;

21        2. Respondent SHALL file a response to the petition within fifteen (15) days of the date of

22            service of this order and shall include with that response any and all documents relevant to

23            the determination of the issues presented in the Petition;

24        3. Petitioner's traverse, if any, is due on or before seven (7) days from the date Respondent's

25            response is filed; and

26   ///

27   ///

28

                                                   3

1    4.  The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's

2    Petition, along with all exhibits, on the United States Attorney for the Eastern District of

3    California or his representative, an agent for the Taft Correctional Institute, and the United

4    States Bureau of Prisons.

6    IT IS SO ORDERED.

7    Dated:   **August 26, 2006**                                    ____**/s/ Theresa A. Goldner**____
     **j6eb3d**                                                      UNITED STATES MAGISTRATE JUDGE

4